In the Matter of the Application of JAMES F. SHANLEY, Petitioner, for a Certiorari Order against WILLIAM STANLEY MILLER, President, and HUBERT T. DELANEY and Others, Commissioners of Taxes and Assessments of the City of New York, Respondents.

First Department, February 11, 1938.

*Abraham J. Rosenblum*, for the petitioner.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

PER CURIAM. The petitioner is an honorably-discharged World war veteran who served in the National Guard of the State of New York and in the Federal service from 1915 to 1919; he was wounded in action at Chateau-Thierry and thereafter was a patient in various hospitals in France. On the trial his testimony that he was suffering from various aliments, some service-connected, and had frequently to consult physicians, was not disputed. At the time charges were made against him he had been in civil service for approximately twenty-five years and, as an honorably-discharged veteran, could be dismissed only for incompetency or misconduct, and the burden of proof was on respondents. (Civil Service Law, § 22, subd. 1.)

In view of the length of the petitioner's service, the seriousness of the charges, and the petitioner's illness, the notice of hearing actually relied on, if it may be considered due notice within the terms of the statute (Civil Service Law, § 22, subd. 1), was exceedingly short, especially in view of the unusual statement contained in the notice that, because of previous charges, no adjournment would be granted. About one-third of the hearing on the stated charges was devoted to questions not concerning the specific charges on which petitioner was being tried but on his prior record which the return states was considered for the purposes of punishment only. The extent of the trial on these matters, as well as the above-mentioned statement in the notice of hearing, indicates that the prior record was considered not for the purpose of punishment but as proof of guilt on the stated charges. The proof, too, on the charge that was obviously considered the most serious was meagre, consisting of the uncorroborated statement of one witness which was controverted by the petitioner.

In view of all the facts and circumstances disclosed, we have determined that the authority conferred was not pursued in the mode required by law and that the past record was considered as presumptive proof of guilt; and, accordingly, the determination of respondents dismissing petitioner should be annulled and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.; UNTERMYER, J., dissents and votes to confirm.

Determination annulled and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.